IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRINETICS INTERNATIONAL, INC., ) | |
| And TRI-HAM, LLC ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 5:12-cv-02810-CLS |
| ) | |
| DHL AIR & OCEAN GENERAL ) | |
| TRANSPORT, FORWARDING AND ) | |
| CUSTOMS CLEARANCE, LLC, d/b/a ) | |
| DHL GLOBAL FORWARDING IRAQ, ) | |
| and DHL GLOBAL FORWARDING ) | |
| (AE), ) | |
| ) | |
|     Defendants. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT DHL GLOBAL FORWARDING (AE) MOTION TO DISMISS**

COME NOW, Plaintiffs Trinetics International, Inc. ("Trinetics") and Tri-Ham, LLC ("Tri-Ham") (collectively, "Plaintiffs"), by and through their undersigned counsel, and file this Response in Opposition to the Motion by DHL Global Forwarding (AE) to Dismiss the claims against it and say:

1. Tri-Ham LLC ("TriHam") is a limited liability company organized and existing under the laws of the State of Delaware. Trinetics International, Inc. ("Trinetics") is an corporation organized and existing under the laws of the State of Alabama. Trinetics is a member of Tri-Ham.

2. Both Trinetics and Tri-Ham do business in Madison County, Alabama.

3. DHL Global Forwarding (AE) ("DHL AE") is, upon information and belief, a company organized under the laws of the United Arab Emirates, with its principal place of business

1

          in the United Arab Emirates.  DHL AE has done business in the State of Alabama by virtue of its transacting business with Tri-Ham and through it, Trinetics.

4.      On August 27, 2012 the Plaintiffs filed the above-captioned lawsuit against Defendants DHL Air & Ocean General Transport, Forwarding and Customs Clearance, LLC, d/b/a DHL Global Forwarding Iraq ("DHL Iraq") and DHL Global Forwarding (AE) ("DHL AE").

5.      Plaintiffs' complaint seeks recovery against DHL Iraq for breach of contract and account stated in the approximate amount of $1,396,000.00 for work performed by Tri-Ham and Trinetics for DHL Iraq.  Plaintiff also sued DHL AE for promissory fraud based upon an email communication DHL AE sent to Tri-Ham which acknowledge the debt due plaintiffs.

6.      On November 7, 2012 Defendant DHL AE filed, through counsel, a limited appearance for the sole purpose of moving to dismiss Plaintiffs complaint against it pursuant to Rule 12(b)(6), Fed.R.Civ.P and for lack of personal jurisdiction.

**Count III of Plaintiffs Complaint States a Claim for Relief or Alternatively, Plaintiffs Should be Granted Leave to Amend Their Complaint**.

7.      To state a claim upon which relief can be granted, Plaintiffs are required by Fed.R.Civ.P.8 to make a "short and plain statement of the claim showing that the pleader is entitled to relief."  When ruling on a Defendant's motion to dismiss, "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Speaker v. U.S.Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  In order to survive Defendant's motion to dismiss, Plaintiffs' complaint must therefore contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable…" *Iqbal*, 129 S.Ct. at 1949. The factual allegations must be enough to raise a right to relief above the speculative level, and cannot merely create a suspicion of a legally cognizable right of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The determination of a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 1950.

8. In their complaint, Plaintiffs have sued DHL AE for promissory fraud based upon its representation to Plaintiffs that the debt owed them by DHL Iraq would be paid. While admittedly, the complaint is silent as to the source of the representation, it does put DHL AE on notice that DHL AE told plaintiffs that the statement of account would be paid in full and that at the time of this representation, DHL AE did not intend to pay such monies which caused damage to Plaintiffs. The fact that this representation was fraudulent is almost self-fulfilling since Plaintiffs would not have initiated this action in the event that payment was made. The damages are the same damages which flow from the breach of contract and account stated claims.

9. To the extent that these allegations fail to establish a claim in light of the *Twombly* standards, Plaintiff would seek leave from the Court to amend its complaint to prior to the dismissal of the claim against DHL AE pursuant to Fed.R.Civ.P. 12 (b)(6). See, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)(where a more carefully drafted complaint might state a claim, a plaintiff should be given at least one chance to amend the complaint before the action is dismissed). See also, *Wagner v. Daewoo Heavy Indus. Am.*

*Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)(plaintiff must, however, request leave to amend as the Court does not have to grant it sua sponte).

### **Plaintiff's Claims Against DHL AE Should Not Be Dismissed For Lack of Personal Jurisdiction**.

10. Defendant DHL AE has also asserted that the claims against it should be dismissed for lack of personal jurisdiction.

11. In considering a defendant's motion to dismiss for lack of personal jurisdiction, where no evidentiary hearing is held, Plaintiffs need only establish a prima-facie case of jurisdiction by presenting evidence sufficient to defeat a motion for judgment as a matter of law. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990).

12. Since, in Alabama the limits of long-arm jurisdiction are coextensive with due process under the federal constitution, to determine the existence of personal jurisdiction, a federal court must undertake to determine whether jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. See, *Ca-ble/Home Communication Corp. v. Network Productions*, Inc., 902 F.2d 829, 855 (11th Cir.1990); *Turner vs. Regions Bank,* 770 F.Supp2d 1244, 1248 (M.D. Ala. 2011). To do so, the defendant must have sufficient "minimum contacts" with the forum State. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In addition, the exercise of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." Id.

13. There are two types of personal jurisdiction: "general" and "specific." *Turner* at 1248. Specific jurisdiction is based on the party's contacts with the forum State that are related to the cause of action. *Id*. citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). For specific personal

jurisdiction, the contacts at issue must satisfy the minimum-contacts test. "Minimum contacts involve three criteria:  First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. Finally, the defendant's contacts within the forum state must be such that [it] reasonably anticipate being haled into court there." *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 631 (11th Cir.1996).

14. At this point of the case, Plaintiffs allege that specific jurisdiction exists over DHL AE because its contacts with the State of Alabama are related to the claim against it.[1] Specifically, prior to filing this case, Graham Hunter of DHL AE sent an email to employees of Plaintiff dated April 2, 2012 wherein he states "I confirm that we will make a payment of minimum USD 299000 shortly.  Payment schedule will be notified in due course. We have a further amount of approx. USD 1 million to pay for which I will also advise the payment schedule."  See G. Hunter Email attached as "Exhibit A."

15. At the time this email was sent, both Triham and Trinetics did business in Alabama and Trinetics had its principal place of business in Alabama.  Clearly from the context of Hunter's email, he is representing to TriHam that payment on the account will be forthcoming.  At the time he sent this email he either knew or should have known the location of the company's to whom he was sending the email.  He also obviously knew that Plaintiffs were owed a substantial sum of money by DHL Iraq and obviously was

---

[1] Plaintiffs reserve the right to submit discovery to DHL AE from which it can be determined if general jurisdiction exists over DHL AE  in Alabama.  For instance, Plaintiffs have received email correspondence from several persons acting on behalf of DHL directed to both Trinetics and TriHam to its employees located in Alabama.  Furthermore, information and belief, DP DHL is comprised of four separate divisions including the Global Forwarding Freight division. See, website: http://www.iq.dhl.com/en/about_ us/company_portrait.html#organization last visited November 12, 2012.  Underneath this division is a network of agents including DHL AE.

responding to an inquiry or demand for payment of the amounts due TriHam under its agreement. It is not unreasonable under these circumstances for DHL AE to anticipate being sued here in Alabama in the event that the payments which were promised by Hunter to Plaintiff's were not forthcoming. This is especially so where the email communication serves as the basis for the claim. See generally, *Reliance Nat. Indem. Co. v. Pinnacle Cas. Assur. Corp.*, 160 F.Supp.2d 1327, 1333 (M.D.Ala.2001)("E-mails, like letters and phone calls, can constitute minimum contacts, at least if the defendant or his agents send the message for pecuniary gain rather than substantially personal purposes.");

16. Accordingly, DHL AE's Motion to Dismiss for lack of personal jurisdiction over it should be denied since by contacting Tri-Ham via email with its offices located in Alabama it purposefully directed its activities towards a resident of this State thereby subjecting itself to personal jurisdiction. See, *Turner* 770 F.Supp2d at 1250. Alternatively, the court should withhold granting the dismissal of the claim against DHL AE and allow Plaintiffs the opportunity to engage in limited discovery to determine the extent to which DHL AE has additional contacts with the state of Alabama.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that this Court entered an Order denying Defendant DHL AE's motion to dismiss for the reasons set forth herein or alternatively that Plaintiffs be granted the alternate relief prayed for herein namely to amend its complaint and that they be granted such further and additional relief to which they are justly entitled.

Respectfully submitted this the 27th day of November, 2012,

*/s/ Kevin D. Heard*
Kevin D. Heard
Adam C. Dauro
Attorneys for Plaintiffs

Of Counsel:
HEARD ARY, LLC
307 Clinton Ave. W, Ste. 310
Huntsville, Alabama  35801
Tel: (256) 535-0817
Fax: (256) 535-0818
kheard@heardlaw.com
adauro@heardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following by U.S. Mail, CM/ECF filing system and/or electronic mail on this the 27th day of November, 2012,

DHL Air & Ocean General Transport
Forwarding and Customs Clearance, LLC
d/b/a DHL Global Forwarding Iraq
301/Bldg. No. 8
Mnawi Basha
Basra, Iraq

DHL Global Forwarding (AE)
c/o John F Whitaker, Atty.
2011 4th Avenue North
Birmingham, AL 35203

Graham Hunter
Graham.Hunter@dhl.com

Julian Ranzato
Julian.Ranzato@dhl.com

Wolfgang Pordzik
wolgang.pordzik@DPDHL-USA.com

Najeeb Kassab
najeeb.kassab@dhl.com

*/s/ Kevin D. Heard*
Kevin D. Heard

**Kevin Heard**

| | |
|---|---|
| **From:** | Kevin Heard |
| **Sent:** | Monday, November 12, 2012 4:26 PM |
| **To:** | Kevin Heard |
| **Subject:** | FW: Graham Hunter DHL Acknowledgment |

**From:** "Graham Hunter (DHL AE)" <Graham.Hunter@dhl.com>
**Date:** April 2, 2012 7:07:10 PM CDT
**To:** Italo White <italo.white@triham.com>, Andrew Kirksey <andrew.kirksey@triham.com>
**Subject: Payments**

Andrew,

As per our discussion today I confirm that we will make a payment of minimum USD 299000 shortly. Payment schedule will be notified in due course. We have a further amount of approx USD 1 million to pay for which I will also advise the payment schedule.

Best Regards
Graham

**Graham Hunter**
Regional Director Industrial Projects & Oil/Energy MENAT
Country Manager Bahrain

DHL Global Forwarding
P.O. Box 47814
Dubai
United Arab Emirates

Switchboard: +971 48104400
Office: +971 48703590 (Direct)
Office Bahrain: +973 17728151
Cell:    +971 566 832 615

graham.hunter@dhl.com
www.dhl.com

**Exhibit B**