FILED
2013 Jan-02  PM 12:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TRINETICS INTERNATIONAL, INC. and TRI-HAM, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. CV-12-S-2810-NE |
| DHL AIR & OCEAN GENERAL TRANSPORT, FORWARDING AND CUSTOMS CLEARANCE, LLC, d/b/a DHL GLOBAL FORWARDING IRAQ, and DHL GLOBAL FORWARDING (AE), | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiffs, Trinetics International, Inc. and Tri-Ham, LLC, allege that defendant DHL Air & Ocean General Transport, Forwarding and Customs Clearance, LLC, *doing business as* DHL Global Forwarding Iraq, committed a breach of contract by failing to compensate plaintiffs for work performed, and that defendant DHL Global Forwarding (AE) committed promissory fraud by failing to honor its promise that the debt would be paid.[1]  This action is before the court on defendant DHL Global Forwarding (AE)'s motion to dismiss for lack of personal jurisdiction, for failure to plead fraud with specificity, and for failure to state a claim upon which relief can be

---

[1] *See* doc. no. 1 (Complaint).

granted.[2]  Upon consideration, this court will deny the motion to dismiss for lack of

personal jurisdiction, but grant the motion to dismiss for failure to plead fraud with

specificity, and for failure to state a claim upon which relief can be granted.

## I.  FACTS AS ALLEGED

As always is the case in the context of ruling upon a motion to dismiss, the

district court is required to assume that

> the facts set forth in the plaintiff's complaint are true.  *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453 (2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true"). Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006)

(alterations supplied).

---

[2] *See* doc. no. 5 (Motion to Dismiss).  The document filed by defendant is captioned "DHL Global Forwarding (AE)'s Request to Enter Limited Appearance for the Sole Purpose of Moving to Dismiss Plaintiff's Complaint."  *See id.*  Within the text of the document, defendant asserts various grounds for dismissal, including failure to state a claim upon which relief can be granted, failure to plead fraud with specificity, improper venue, *forum non conveniens*, lack of personal jurisdiction, lack of subject matter jurisdiction, insufficiency of process, and improper service of process.  *See id.*

However, defendant asserts the majority of those grounds for dismissal in a single, conclusory sentence.  *See id.*  The arguments that defendant fully develops in its motion, and that plaintiffs then discuss in their response, are those regarding failure to state a claim upon which relief can be granted, failure to plead fraud with specificity, and lack of personal jurisdiction.  *See id.*; doc. no. 10 (Opposition to Motion to Dismiss).  Accordingly, this court will treat the document filed by defendant as a motion to dismiss for failure to state a claim upon which relief can be granted, failure to plead fraud with specificity, and lack of personal jurisdiction.

Plaintiff Trinetics International, Inc. ("Trinetics") is a corporation organized under the laws of the State of Alabama, with its principal place of business in Alabama.[3]   Plaintiff Tri-Ham, LLC ("Tri-Ham") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Delaware.[4]  Both plaintiffs do business in Madison County, Alabama.[5]

Defendant DHL Air & Ocean General Transport, Forwarding and Customs Clearance, LLC, *doing business as* DHL Global Forwarding Iraq ("DHL Iraq"), is a limited liability company organized under the laws of Iraq, with its principal place of business in that nation.[6]  Defendant DHL Global Forwarding (AE) ("DHL AE") is a company organized under the laws of the United Arab Emirates, with its principal place of business in that nation.[7]  Plaintiffs allege that both defendants do business in Madison County, Alabama.[8]

Plaintiffs' statement of facts makes the following claims:

9.     On August 14, 2011, Tri-Ham entered into a contract with DHL Iraq.  A true and correct copy of the contract is attached hereto as Exhibit "A."

10.     Tri-Ham fulfilled its requirements pursuant to the contract, by

---

[3] Doc. no. 1 (Complaint) ¶ 1.

[4] *Id.* ¶ 2.

[5] *Id.* ¶¶ 1-2.

[6] *Id.* ¶ 3.

[7] *Id.* ¶ 4.

[8] *Id.* ¶¶ 3-4.

supplying the materials and services set out therein.

11.    DHL Iraq failed or otherwise refused to perform under the contract by paying Tri-Ham the amount required thereunder.

12.    On December 5, 2011, Trinetics and Tri-Ham sent DHL Iraq a statement of account correctly stating the balance of the account between the parties.  A true and correct copy of the statement of account is attached hereto as Exhibit "B."

13.    As of this date, DHL Iraq has not objected to the statement of account.

14.    Furthermore, DHL Iraq has admitted that the statement of account was correct.

15.    DHL AE, a related entity to DHL Iraq, was one of Plaintiffs' primary contacts regarding the DHL Iraq contract, and was responsible for arranging the payments to Plaintiffs based on the contract.

16.    DHL AE admitted that the debt represented in the statement of account sent to DHL Iraq was owed to Trinetics pursuant to the contract, and promised that Trinetics would be paid in full.[9]

## II.  DISCUSSION[10]

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

When a district court decides the issue of personal jurisdiction without holding

---

[9] Doc. no. 1 (Complaint) ¶¶ 9-16.

[10] At the outset, this court notes that DHL AE does not cite *any* cases in support of its motion to dismiss. *See* doc. no. 5 (Motion to Dismiss).  "It is not a court's task to research legal arguments on a party's behalf."  *Costa v. Sam's East, Inc.*, No. 11-0297, 2012 U.S. Dist. LEXIS 109833, *14 (S.D. Ala. Aug. 6, 2012) (internal citation omitted).  Accordingly, this discussion relies largely on plaintiffs' opposition brief, and on this court's own research.

an evidentiary hearing,[11] the plaintiff must bear the burden of establishing a *prima facie* case for exercising jurisdiction over a nonresident defendant by presenting sufficient evidence to withstand a defense motion for directed verdict. *See, e.g., Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997).[12]

A court may exercise personal jurisdiction over a nonresident defendant without violating due process when "(1) the nonresident defendant has purposefully established minimum contacts with the forum; [and] (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *Carrillo*, 115 F.3d at 1542 (internal citation omitted) (alteration supplied); *see also Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (same).

---

[11] The decision to hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary, not mandatory. *See, e.g., Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Because the parties have not requested such a hearing, this court declines to hold one *sua sponte*.

[12] When evaluating personal jurisdiction, the court must accept as true the factual allegations in the plaintiff's complaint, unless they are controverted by the defendant's affidavits. *See Carillo*, 115 F.3d at 1542. When the plaintiff pleads sufficient material facts to show a basis for exercising personal jurisdiction, and the defendant then submits affidavits controverting those allegations, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier*, 288 F.3d at 1269. If the plaintiff's complaint and evidence conflict with the defendant's affidavits, then the court must draw all reasonable inferences in the plaintiff's favor. *See id.* Here, the court must simply accept as true the factual allegations in plaintiffs' complaint, because neither defendant submitted an affidavit.

Because Alabama's long-arm statute authorizes a court to exercise personal jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the traditional two-step inquiry of deciding the propriety of jurisdiction under the forum state's long-arm statute, and then determining whether the exercise of jurisdiction would violate the Due Process Clause, collapses into a single step. *See*, *e.g.*, *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007); *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1060 (S.D. Ala. 2007); Ala. R. Civ. P. 4.2(a)(2)(A)-(I).

"[I]t is important to remember that *the conduct at issue is that of the defendants*. No plaintiff can establish jurisdiction over a defendant through his own actions." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir. 2000) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (alteration and emphasis supplied). Therefore, the court "must determine what these defendants did to purposefully avail themselves of the benefits of doing business in Alabama such that the notions of reasonableness and fairness are not offended by requiring them to defend themselves in an Alabama court." *Id.*

The minimum contacts analysis varies, depending on whether the type of personal jurisdiction asserted is "general" or "specific." Indeed, facts supporting "[p]ersonal jurisdiction may be *general*, which arise from the party's contacts with the

forum state that *are unrelated to the claim*, or *specific*, which arise from the party's contacts with the forum state that *are related to the claim*." *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 747 (11th Cir. 2002) (emphasis supplied). Here, plaintiffs only allege that "*specific* jurisdiction exists over DHL AE because its contacts with the State of Alabama *are related to the claim against it*."[13]

### 1.    Minimum contacts

As noted above, "[s]pecific jurisdiction arises out of a party's activities in the forum that are related to the cause of action." *McGow v. McCurry*, 412 F.3d 1207, 1214 n.3 (11th Cir. 2005) (internal citation omitted). Although a minimum contacts analysis is "immune to solution by checklist," and must be conducted both quantitatively and qualitatively, *Sloss*, 488 F.3d at 925, the exercise of personal jurisdiction on a theory of specific jurisdiction may be proper when the defendant's contacts with the forum (1) are related or give rise to the cause of action; (2) involve an act by which the defendant has purposefully availed itself of the privileges of acting in the forum; and (3) are of such a nature that the defendant should reasonably have anticipated being haled into court there. *See, e.g., Sloss*, 488 F.3d at 925; *McGow*, 412 F.3d at 1214; *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993).

In tort cases, the "purposeful availment" prong may be satisfied

---

[13] Doc. no. 10 (Response to Motion to Dismiss), at 5 (emphasis supplied).

"if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state." *Ziegler* [*v. Indian River County*], 64 F.3d [470,] 473 [(9th Cir. 1995)]. "The three elements of purposeful availment in tort cases are: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendants should have anticipated would be suffered in the forum state." *Id.* at 474 (citation omitted).

*In re AMTRAK "Sunset Ltd." Train Crash in Bayou Canot*, 923 F. Supp. 1524, 1528 (S.D. Ala. 1996) (alterations supplied).

When a defendant sends electronic mail ("e-mail") for primarily pecuniary purposes, those "[e]-mails, like letters and phone calls, can constitute minimum contacts" if the defendant should reasonably expect them to be opened in the forum. *Reliance National Indemnity Co. v. Pinnacle Casualty Assurance Corp.*, 160 F. Supp. 2d 1327, 1333 (M.D. Ala. 2001) (alteration supplied); *see also Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 779 (S.D. Miss. 2001).[14] Likewise, when a defendant voluntarily guarantees the payment of a dept, that guarantee can contribute to finding minimum contacts if the defendant should reasonably anticipate that its effects will be felt in the forum. *See Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals*, 622 So. 2d 910, 912-13 (Ala. 1993); *Ex parte Lord & Son Construction, Inc.*, 548 So. 2d 456 (Ala. 1989).[15]

---

[14] In *Internet Doorway*, the court exercised jurisdiction over a defendant who sent a falsified e-mail that advertised a pornographic website, because the defendant "had to have been aware that the e-mail would be received and opened in numerous fora, including [the one at issue]." 138 F. Supp. 2d at 779 (alteration supplied).

[15] After surveying cases on minimum contacts under Alabama law, the *Steel Processors* court summarized *Lord & Son* as follows:

With regard to DHL AE's activities, plaintiffs' statement of facts alleges the following:

15.    DHL AE, a related entity to DHL Iraq, was one of Plaintiffs' primary contacts regarding the DHL Iraq contract, and was responsible for arranging the payments to Plaintiffs based on the contract.

16.    DHL AE admitted that the debt represented in the statement of account sent to DHL Iraq was owed to Trinetics pursuant to the contract, and promised that Trinetics would be paid in full.[16]

In opposition to DHL AE's motion to dismiss, plaintiffs have also submitted an e-mail dated April 2, 2012 from Graham Hunter, who allegedly is somehow associated with DHL AE,[17] to Italo White and Andrew Kirksey, who allegedly are employees of one

---

In *Ex parte Lord & Son*, jurisdiction was proper because the acts of the nonresident defendant indicated that it "reasonably ought to anticipate the direct consequences of [its] actions to be felt by" Alabama residents. 548 So. 2d 456 at 457 (quoting *Duke v. Young*, [496 So. 2d 37,] 39 [(Ala. 1986)]).  There, Alabama Electric, an Alabama company, supplied materials to a Florida subcontractor that had contracted with a Florida general contractor to do electrical work on a construction project in Florida.  Lord & Son, the general contractor, agreed to issue joint checks to the subcontractor and to Alabama Electric, and issued several checks that were jointly payable, before writing a check to the Florida subcontractor alone for the balance due.  In response to an inquiry by the Alabama supplier about its past due balance, the president of Lord & Son wrote the Alabama supplier and assured it that Lord & Son would resolve the matter, and thereby "voluntarily undertook responsibility for payment to Alabama Electric of the balance due."  *Ex parte Lord & Sons*, 548 So. 2d at 457. We upheld jurisdiction because, by its action guaranteeing payment of the debt, combined with its action in issuing jointly payable checks, the nonresident defendant "could reasonably have anticipated being sued in Alabama." *Id*.

*Steel Processors*, 622 So. 2d at 912-13 (alterations supplied).

[16] Doc. no. 1 (Complaint) ¶¶ 15-16.

[17] Plaintiffs refer to Graham Hunter as "Graham Hunter of DHL AE." Doc. no. 10 (Response to Motion to Dismiss), at 5.  Indeed, the "from" line of the e-mail reads, "Graham Hunter (DHL

or both of the plaintiffs,[18] and which states:

> As per our discussion today I confirm that we will make a payment of minimum USD 299000 shortly.  Payment schedule will be notified in due course.  We have a further amount of approx USD 1 million to pay for which I will also advise the payment schedule.[19]

In sum, DHL AE served as one of plaintiffs' primary contacts on their contract with defendant DHL Iraq, was responsible for arranging the payments to plaintiffs on the basis of the contract, and promised to pay a debt to Trinetics under that contract.[20] Further, an alleged representative of DHL AE sent an e-mail to employees of one or both plaintiffs, referencing an earlier "discussion" regarding the debt, and stating that "*we* will make a payment of minimum USD 299000 shortly."[21]  As DHL AE is being sued for promissory fraud, its act of making a promise of payment to Trinetics gives rise to the cause of action.  Further, as DHL AE was presumably aware of plaintiffs' location, it should reasonably have expected its discussion regarding the alleged debt,

---

AE)."  However, the signature identifies Mr. Hunter as "Regional Director Industrial Projects & Oil/Energy MENAT[,] Country Manager Bahrain[,] DHL Global Forwarding[,] P.O. Box 47814[,] Dubai[,] United Arab Emirates[.]" (alterations supplied).  Thus, this court is not clear on the exact relationship between Mr. Hunter and either of the defendants.

[18] Plaintiffs refer to Italo White and Andrew Kirksey as "employees of Plaintiff."  Doc. no. 10 (Response to Motion to Dismiss), at 5.  Given that there are two plaintiffs in this action, this court is not clear on whether Mr. White and Mr. Kirksey are employees of either or both of them.

[19] Doc. no. 10 (Response to Motion to Dismiss), at 8.  The e-mail was docketed as the final page of the response to the motion to dismiss, rather than as an exhibit to that document.  Plaintiffs do not specify whether the e-mail constitutes the "admission" referenced in paragraph 16 of their complaint.  *See* doc. no. 1 (Complaint) ¶ 16 (alleging that "DHL AE admitted that the debt represented in the statement of account sent to DHL Iraq was owed to Trinetics pursuant to the contract, and promised that Trinetics would be paid in full").

[20] *Id.* ¶¶ 15-16.

[21] Doc. no. 10 (Response to Motion to Dismiss), at 8 (emphasis supplied).

as well as its e-mail guaranteeing payment of that dept, to affect plaintiffs in this forum.  Accordingly, the actions of DHL AE constituted purposeful availment of the privileges of acting in the forum, and were such that it should reasonably have anticipated being haled into court here.  As a result, this court holds that plaintiffs have satisfied the "minimum contacts" requirement for the exercise of specific personal jurisdiction.

### 2.    Fair play and substantial justice

Of course, "[m]inimum requirements of fair play and substantial justice may defeat the reasonableness of asserting personal jurisdiction even if the defendant has purposefully engaged in forum activities."  *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 259 (11th Cir. 1996) (alteration supplied).  The analysis of "fair play and substantial justice" weighs such factors as the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and the states' shared interest in furthering fundamental substantive social policies.  *See McGow*, 412 F.3d at 1216; *Mutual Service Insurance Co. v. Frit Industries, Inc*., 358 F.3d 1312, 1320 (11th Cir. 2004); *Meier*, 288 F.3d at 1276.

Here, only the first *McGow* factor weighs against the exercise of personal

jurisdiction over DHL AE.  That defendant is organized under the laws of the United Arab Emirates, with its principal place of business in the same nation.[22]  Therefore, defendant would be burdened by the need to litigate in a United States court.  Like a coin, however, that consideration has two sides.  Trinetics is organized under the laws of the State of Alabama, with its principal place of business in Alabama.[23]  Tri-Ham is organized under the laws of the State of Delaware, with its principal place of business in Delaware.[24]  Both plaintiffs do business in Madison County, Alabama.[25] Thus, plaintiffs would be burdened by the need to litigate in the United Arab Emirates. If this court declined to exercise jurisdiction, it would not eliminate the burden of litigation, but would only shift the burden from defendant to plaintiffs.

Further, plaintiffs received the communications from an alleged agent of DHL AE, and felt the effects of those communications, in Alabama, where plaintiffs do business.  Because much of the evidence and witnesses are likely to also be located in Alabama,[26] the exercise of personal jurisdiction over DHL AE would promote the most efficient resolution of the controversy.  Under the circumstances, the State of Alabama has an interest in providing a forum in which to litigate a claim that arose

---

[22] Doc. no. 1 (Complaint) ¶ 4.

[23] *Id.* ¶ 1.

[24] *Id.* ¶ 2.

[25] *Id.* ¶¶ 1-2.

[26] Although it is conceivable that some evidence and witnesses may be located outside of Alabama (if, for example, Graham Hunter, who sent the e-mail at issue, does not reside in the forum), DHL AE has made no effort to identify the location of evidence and witnesses.

from communications directed at Alabama residents by foreign nationals. Because Alabama is the only state with a connection to this litigation, the states' shared interest in furthering fundamental substantive social policies is not implicated. As a result, this court holds that plaintiffs have satisfied the "fair play and substantial justice" requirement for the exercise of specific personal jurisdiction.

**B.     Motion to Dismiss for Failure to State a Claim, and, Failure to Plead Fraud with Specificity**

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a

sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*., at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b) (emphasis supplied).  "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8."  *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006).  "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."  *United States ex rel Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006).

### 1.    Plaintiffs' claim of promissory fraud

The basis of a plaintiff's claim of promissory fraud is a defendant's "'promise to act or not to act in the future.'"  *North Alabama Electric Cooperative v. TVA*, 862 F. Supp. 2d 1291, 1302 (N.D. Ala. 2012) (quoting *Southland Bank v. A&A Drywall Supply Co., Inc.*, 21 So. 3d 1196, 1211 (Ala. 2009)).

There are six elements to a promissory fraud claim: (1) a false

representation; (2) of a material existing fact; (3) reasonably relied on by plaintiff; (4) who suffered damages as a proximate consequence of the misrepresentation; (5) with proof that, at the time of the misrepresentation, the defendant had the present intention not to perform the future act required; and (6) proof that the defendant had the intent to deceive.

*TVA*, 862 F. Supp. 2d at 1302 (citing *Southland,* 21 So. 3d at 1211).

With regard to DHL AE's activities, plaintiffs' statement of facts alleges the following:

> 15.     DHL AE, a related entity to DHL Iraq, was one of Plaintiffs' primary contacts regarding the DHL Iraq contract, and was responsible for arranging the payments to Plaintiffs based on the contract.
>
> 16.     DHL AE admitted that the debt represented in the statement of account sent to DHL Iraq was owed to Trinetics pursuant to the contract, and promised that Trinetics would be paid in full.[27]

In their section regarding promissory fraud, plaintiffs also allege that:

> 27.     DHL AE agreed that the debt represented in the statement of account sent to DHL Iraq was owed to Trinetics pursuant to the contract, and promised that Trinetics would be paid in full.
>
> 28.     At the time DHL AE made the above promise to Trinetics, it had no intention of performing it.
>
> 29.     DHL AE intended to induce Trinetics to alter its position based on the above promise.
>
> 30.     Trinetics did alter its position based on the above promise, and was damaged thereby.[28]

---

[27] Doc. no. 1 (Complaint) ¶¶ 15-16.

[28] *Id.* ¶¶ 27-30.

DHL AE correctly argues that the complaint "makes no mention of any specific circumstances or words constituting fraud":[29] *i.e.*, the complaint "completely fails to allege not only what representations were made, the content or substance of the alleged representations, the person who is alleged to have made the representations (and the authority of that person to speak for a separate, contracting party), and [the person] to whom representation was made."[30]   Indeed, plaintiffs admit that "the complaint is silent as to the source of the representation."[31]   Accordingly, plaintiffs have not pled with particularity as required by Federal Rule of Civil Procedure 9(b). *See Atkins*, 470 F.3d at 1357 (defining "particularity" to mean "that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them").

DHL AE also correctly argues that plaintiffs' complaint "fails to set forth facts . . . concerning how its position was altered to its detriment."[32]   For example, plaintiffs do not allege that the inducement behind their decision to perform services for DHL Iraq was a promise made by DHL AE.   Once DHL Iraq had incurred its debt, the complaint does not specify how DHL AE's promise could have affected either the

---

[29] Doc. no. 5 (Motion to Dismiss), at 3.

[30] *Id.* at 3-4 (alteration supplied).

[31] Doc. no. 10 (Opposition to Motion to Dismiss), at 3.

[32] Doc. no. 5 (Motion to Dismiss), at 3.

existence or amount of the debt. Thus, it appears that the proximate cause of plaintiffs' damages was DHL Iraq's failure to pay its debt, rather than DHL AE's promise that the debt would be paid.[33] Accordingly, plaintiffs have not established the required elements of promissory fraud. *See TVA*, 862 F. Supp. 2d at 1302 (defining the fourth element of promissory fraud as the suffering of damages by plaintiffs "as a *proximate* consequence of the misrepresentation") (citing *Southland,* 21 So. 3d at 1211) (emphasis supplied).

## III.  CONCLUSION

As explained above, this court will DENY the motion to dismiss for lack of personal jurisdiction, but GRANT the motion to dismiss for failure to plead fraud with specificity, and for failure to state a claim upon which relief can be granted. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 2nd day of January, 2013.

_Lynwood Smith_

United States District Judge

---

[33] Indeed, plaintiffs argue that "the *same* damages" flow from their breach of contract and account stated claims against DHL Iraq, as from their promissory fraud claim against DHL AE. Doc. no. 10 (Opposition to Motion to Dismiss), at 3 (emphasis supplied).