FILED
2013 Feb-05 PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TRINETICS INTERNATIONAL, INC. and TRI-HAM, LLC,

Plaintiffs,

vs.

DHL AIR & OCEAN GENERAL TRANSPORT, FORWARDING AND CUSTOMS CLEARANCE, LLC, d/b/a DHL GLOBAL FORWARDING IRAQ, and DHL GLOBAL FORWARDING (AE),

Defendants.

5:12-cv-02810-CLS

**ORAL ARGUMENTS REQUESTED**

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

COMES NOW the Defendant designated as DHL Air & Ocean General Transport, Forwarding and Customs Clearance, LLC, d/b/a DHL Global Forwarding Iraq (hereinafter "DHL Iraq" or "Defendant"), by and through the undersigned counsel of record, and moves this Court to enter an Order dismissing Plaintiffs' Complaint against DHL Iraq due to improper venue and lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(2). In support of said Motion, DHL Iraq states as follows:

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Plaintiffs Trinetics International, Inc. ("Trinetics") and Tri-Ham, LLC ("Tri-

Ham") (collectively, "Plaintiffs") filed a Complaint on August 27, 2012 against DHL Iraq and DHL Global Forwarding (AE) (hereinafter "DHL AE") in the United States District Court for the Northern District of Alabama, Northern Division. The Plaintiffs' Complaint asserts claims of Breach of Contract and Account Stated against DHL Iraq as a result of DHL Iraq's alleged breach of an August 14, 2011 service agreement (hereinafter "Agreement") between Tri-Ham and DHL Iraq.[1] (See Complaint, attached hereto as Exhibit "A"; see also Agreement, attached hereto as Exhibit "B".)

The venue and choice of law provisions contained in paragraphs 17.1 and 17.2 of the Agreement state as follows:

> 17.1 This Agreement shall be governed by and construed in accordance with [English] law. Any dispute arising from or in relation to this Agreement or any part thereof including, but not limited to any dispute as to its validity or interpretation, shall be governed by and subject to [English] law.
>
> 17.2 The Parties agree to submit any such dispute to the exclusive jurisdiction of the [English] courts.

Paragraphs 7.8 and 7.9 of the Agreement executed by DHL Iraq and Tri-

1 The Plaintiffs' Complaint also asserts a claim of Promissory Fraud as to Defendant DHL AE. However, on January 2, 2013, this Court entered a Memorandum Opinion dismissing the Plaintiffs' Complaint as to DHL AE for failure to specifically plead fraud and for failure to state a claim for which relief could be granted. Accordingly, the Plaintiffs' claims against DHL AE are not discussed in this Brief.

Ham limit the amount of damages recoverable by Tri-Ham in this case to £25,000 (twenty-five thousand pounds sterling) (which, upon information and belief, is the equivalent of $39,370.12)2. The Agreement specifically states as follows:

> 7.8 Except in the case of death or personal injury caused by DHL's negligence, DHL's liability to the Service Provider in contract, tort, bailment, breach of statutory duty or otherwise for any loss, damage, costs or expenses of any nature whatsoever incurred or suffered shall not exceed the sum of £25,000 (twenty five thousand pounds sterling).
>
> 7.9 DHL shall under no circumstances whatsoever be liable to the Service Provider for any loss, claim, costs, damage, indemnity or expenses howsoever arising of any indirect or consequential nature suffered by the Service Provider including, but not limited to, any indirect or direct economic loss or loss of business, goodwill, market share or profits.

## LEGAL ARGUMENT

### A. The Plaintiffs' claims against DHL Iraq are due to be dismissed for improper venue because the Agreement contains a forum-selection and choice of law provision requiring this lawsuit to be brought in England and governed by English law.

The Plaintiffs' claims against DHL Iraq are due to be dismissed for improper venue pursuant to Rule 12(b)(3) because the Agreement contains a forum-selection and choice of law provision requiring this lawsuit to be brought in England and governed by English law. *See Slater v. Energy Servs. Group Int'l*, 634 F.3d 1326, 1333 (11th Cir. 2011)(citations omitted). Specifically, the forum-selection and

2 £25,000 is the equivalent of $39,370.12 per http://coinmill.com/GBP_USD.html#GBP=25000.

choice of law provisions contained in paragraphs 17.1 and 17.2 of the Agreement state as follows:

> 17.1 This Agreement shall be governed by and construed in accordance with [English] law. Any dispute arising from or in relation to this Agreement or any part thereof including, but not limited to any dispute as to its validity or interpretation, shall be governed by and subject to [English] law.
>
> 17.2 The Parties agree to submit any such dispute to the exclusive jurisdiction of the [English] courts.

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)(citations omitted).

> A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) the enforcement of the clause would contravene public policy.

*Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d at 1281 (11th Cir. 2009)(citations omitted).

In this case, the Plaintiffs have no evidence to support invalidation of the subject forum-selection clause. Rather, the language of the forum-selection clause is plain and sufficiently gave the Plaintiffs notice that they were agreeing to litigate disputes arising under the Agreement in England pursuant to English law. The

Plaintiffs freely entered into the arm's length negotiated Agreement which they now wish to have enforced against this Defendant as to certain provisions but which they have declined to comply with as to the forum-selection and choice of law provisions.

The Plaintiffs have no evidence that the Agreement is the product of fraud or overreaching. Additionally, the Plaintiffs have not shown that they will be deprived of their day in court due to inconvenience, unfairness, or because English law will deprive them of a remedy.

DHL Iraq anticipates that the Plaintiffs will allege that public policy should permit them to file a lawsuit in the country in which they are located. However, this is an issue that the Plaintiffs could have avoided via modifying the Agreement to require that any lawsuits be brought in Alabama. The Plaintiffs have presented no evidence indicating that they did not choose to litigate this matter in England as outlined in the Agreement. Therefore, because the Agreement requires that this lawsuit be brought in England and governed by and subject to English law, the Plaintiffs' claims are due to be dismissed.

**B. The Plaintiffs' claims against DHL Iraq are due to be dismissed for lack of subject matter jurisdiction as the Plaintiffs are unable to meet the $75,000 amount in controversy required for maintaining claims in this Court based on diversity of citizenship of the parties.**

If, for some reason, this Court finds that the forum-selection clause contained in the Agreement is improper and that the Plaintiffs should be entitled to assert their lawsuit in this Court, the Plaintiffs' claims are still due to be dismissed as the Plaintiffs are unable to meet the $75,000 amount in controversy required for maintaining claims in this Court based on diversity of citizenship of the parties.

Paragraphs 7.8 and 7.9 of the Agreement executed by DHL Iraq and Tri-Ham limit the amount of damages recoverable by Tri-Ham to £25,000 (twenty-five thousand pounds sterling) (which, upon information and belief, is the equivalent of $39,370.12). "Federal courts have subject-matter jurisdiction over civil actions in which: (1)'the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs'; and (2) the action is between' citizens of different States.'" *Holston Investments Inc. B.V.I. v. LanLogistics, Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012)(cert. dismissed by *LanLogistics, Corp. v. Holston Invs., Inc. B.V.I.*, 2012 U.S. LEXIS 8272 (U.S., Oct. 25, 2012))(quoting *28 U.S.C. §1332(a)(1))*. In this case, because the Agreement contains a provision limiting damages to $39,370.12, the Plaintiffs are not able to meet the amount in controversy required for maintaining their claims in this court.

DHL Iraq anticipates that the Plaintiffs will allege that the limitation of damages provision contained in the Agreement is unconscionable. However, the

Plaintiffs' anticipated argument fails. In *Southland Farms, Inc. v. Ciba-Geigy Corp.*, the Alabama Supreme Court, in holding that an exclusion of consequential damages disclaimer located on a product was reasonable, outlined the test for determining the unconscionability of a contract.

> The basic test is whether, in light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . . The principle is one of the prevention of oppression and unfair surprise and not of disturbance of allocation of risks because of superior bargaining power.

*Southland Farms, Inc. v. Ciba-Geigy Corp.*, 575 So.2d 1077, 1079 (Ala. 1991(quotations and citations omitted). The Alabama Supreme Court stated that "an unconscionable bargain or contract is one that no man in his senses, not under delusion, would make on the one hand, and that no fair and honest man would accept on the other." *Id.*(quotations and citations omitted). "Unconscionability includes an absence of meaningful choice on the part of one of the parties, together with contract terms that are unreasonably favorable to the other party." *Id.*(quotations and citations omitted).

In this case, the Agreement was negotiated by two sophisticated parties which were on equal footing to negotiate the Agreement. The Plaintiffs have no evidence that they were deprived of a "meaningful choice" and that the terms of

the Agreement are "unreasonably favorable" to DHL Iraq. Accordingly, the limitation of damages provisions contained in the Agreement must be upheld – thus precluding the Plaintiffs from claiming an amount in controversy sufficient to maintain their case in this Court.

Accordingly, because the Plaintiffs are unable to meet the amount in controversy required for maintaining claims in this Court, the Plaintiffs' claims are due to be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, this Defendant, by and through counsel of record, moves this court to dismiss the Plaintiffs' claims for improper venue and lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(2).

*/s/John F. Whitaker*
John F. Whitaker
Jenna M. Tucker

*Attorneys for the Defendant designated as DHL Air & Ocean General Transport, Forwarding and Customs Clearance, LLC, d/b/a DHL Global Forwarding Iraq*

**OF COUNSEL:**

**WHITAKER, MUDD, LUKE & WELLS, L.L.C.**
2011 4th Avenue North
Birmingham, Alabama 35203
Tel: (205) 639-5300
Fax: (205) 639-5350
jwhitaker@wmslawfirm.com
jtucker@wmslawfirm.com

**THIS DEFENDANT REQUESTS ORAL ARGUMENTS**

*/s/John F. Whitaker*
OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows via the CM/ECF filing system, on this the 5th day of February, 2013.

Kevin D. Heard
Adam C. Duaro
HEARD ARY, L.L.C.
307 Clinton Ave. W.
Ste. 310
Huntsville, AL 35801
(256) 535-0817

*/s/John F. Whitaker*
OF COUNSEL