FILED

2013 Mar-11  PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TRINETICS INTERNATIONAL,** | ) | |
| **INC. and TRI-HAM, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-2810-NE** |
| | ) | |
| **DHL AIR & OCEAN GENERAL** | ) | |
| **TRANSPORT, FORWARDING** | ) | |
| **AND CUSTOMS CLEARANCE,** | ) | |
| **LLC, d/b/a DHL GLOBAL** | ) | |
| **FORWARDING IRAQ, and DHL** | ) | |
| **GLOBAL FORWARDING (AE),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiffs, Trinetics International, Inc. and Tri-Ham, LLC, allege that defendant DHL Air & Ocean General Transport, Forwarding and Customs Clearance, LLC, *doing business as* DHL Global Forwarding Iraq ("DHL Iraq"), committed a breach of contract by failing to compensate plaintiffs for work performed.[1] Plaintiffs also allege that defendant DHL Global Forwarding (AE) ("DHL (AE)") committed promissory fraud by failing to honor its promise that the debt would be paid.[2]

This court dismissed the claims against DHL (AE) for failure to plead fraud

---

[1] *See* doc. no. 1 (Complaint).

[2] *See id.*

with specificity, and failure to state a claim upon which relief can be granted.[3] Thus, only the claims against DHL Iraq remain pending.  This action is before the court on DHL Iraq's motion to dismiss for, *inter alia*, improper venue and lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(2).[4] Upon consideration, this court will grant the motion.

## I.  FACTS AS ALLEGED

As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true.  *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453 (2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true").  Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006)

---

[3] *See* doc. no. 13 (Order).

[4] *See* doc. no. 17 (Motion to Dismiss).  DHL Iraq's motion also seeks dismissal for lack of personal jurisdiction, insufficiency of process, improper service of process, *forum non conveniens*, and failure to state a claim upon which relief can be granted.  *Id.* at 3.  However, neither the motion nor the brief contain any argument or authority to support those grounds for dismissal.  *See id.*; doc. no. 18 (Brief in Support of Motion to Dismiss).  "[I]ssues on which [a] party provides no argument or legal support are deemed waived."  *Keeler v. Florida Department of Health*, 324 F. App'x 850, 855 n.4 (11th Cir. 2009) (alterations supplied) (citing *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006)).  In any event, this court need not reach those issues because it will grant the motion to dismiss on grounds of improper venue.

(alterations supplied).

Plaintiff Trinetics International, Inc. ("Trinetics") is a corporation organized under the laws of the State of Alabama, with its principal place of business in Alabama.[5]  Plaintiff Tri-Ham, LLC ("Tri-Ham") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Delaware.[6]  Both plaintiffs do business in Madison County, Alabama.[7]

Defendant DHL Air & Ocean General Transport, Forwarding and Customs Clearance, LLC, *doing business as* DHL Global Forwarding Iraq ("DHL Iraq"), is a limited liability company organized under the laws of Iraq, with its principal place of business in that nation.[8]  Defendant DHL Global Forwarding (AE) ("DHL AE") is a company organized under the laws of the United Arab Emirates, with its principal place of business in that nation.[9]  Plaintiffs allege that both defendants do business in Madison County, Alabama.[10]

Plaintiffs' statement of facts makes the following claims:

9.     On August 14, 2011, Tri-Ham entered into a contract with DHL Iraq.  A true and correct copy of the contract is attached hereto as Exhibit "A."

---

[5] Doc. no. 1 (Complaint) ¶ 1.

[6] *Id.* ¶ 2.

[7] *Id.* ¶¶ 1-2.

[8] *Id.* ¶ 3.

[9] *Id.* ¶ 4.

[10] *Id.* ¶¶ 3-4.

10.     Tri-Ham fulfilled its requirements pursuant to the contract, by supplying the materials and services set out therein.

11.     DHL Iraq failed or otherwise refused to perform under the contract by paying Tri-Ham the amount required thereunder.

12.     On December 5, 2011, Trinetics and Tri-Ham sent DHL Iraq a statement of account correctly stating the balance of the account between the parties.  A true and correct copy of the statement of account is attached hereto as Exhibit "B."

13.     As of this date, DHL Iraq has not objected to the statement of account.

14.     Furthermore, DHL Iraq has admitted that the statement of account was correct.

15.     DHL AE, a related entity to DHL Iraq, was one of Plaintiffs' primary contacts regarding the DHL Iraq contract, and was responsible for arranging the payments to Plaintiffs based on the contract.

16.     DHL AE admitted that the debt represented in the statement of account sent to DHL Iraq was owed to Trinetics pursuant to the contract, and promised that Trinetics would be paid in full.[11]

## II. DISCUSSION

Plaintiffs' claims against DHL Iraq arise under the terms of a contract that contains a forum selection clause, reading as follows:

17.1.  This Agreement shall be governed by and construed in accordance with [English] law.  Any dispute arising from or in relation to this Agreement or any part thereof including, but not limited to any dispute as to its validity or interpretation, shall be governed by and subject to [English] law.

---

[11] Doc. no. 1 (Complaint) ¶¶ 9-16.

17.2.   The Parties agree to submit any such dispute to the exclusive jurisdiction of the [English] courts.[12]

The Eleventh Circuit has held that:

Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances.  *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95, 111 S. Ct. 1522, 1527-28, 113 L. Ed. 2d 622 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972).  A forum-selection clause will be invalidated when:  (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.  *Lipcon* [*v. Underwriters at Lloyd's, London*], 148 F.3d [1285,] 1296 [(11th Cir. 1998)] (citing *Shute*, 499 U.S. at 594-95, 111 S. Ct. at 1528).

*Krenkel v. Kerzner International Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

An ambiguous forum selection clause "must be construed against [the drafting party] and in favor of [the non-drafting party].  *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985) (alterations supplied); *see also Krenkel*, 579 F.3d at 1281 (enforcing a forum selection clause after noting that the clause was not ambiguous).

Plaintiffs do not argue that this court should invalidate the forum selection clause in their agreement with DHL Iraq on the basis of the four grounds found in *Krenkel*.  *See Krenkel*, 579 F.3d at 1281.  Instead, plaintiffs argue that the forum

---

[12] Doc. no. 18-2 (Terms of Sub-Contracting), at 9.  The brackets appear in the original document.

selection clause is "the model of ambiguity," because "English law" may refer to the common law of England (now known as the United Kingdom of Great Britain and Northern Ireland), and because "English courts" may refer to the courts of England, Wales, Scotland, or Northern Ireland.[13]

At first blush, that argument appeared to have merit.  Even so, research has established that the Circuit Courts of Appeals for *eight* circuits, including the Eleventh Circuit, have upheld the application of forum selection clauses that provide for resolution in English courts under English law.  After numerous American investors suffered massive financial losses in certain underwriting transactions with Lloyd's of London, a British insurance market, they challenged the enforceability of forum selection clauses that stated as follows:

> The rights and obligations of the parties arising out of or relating to the Member's membership of, and/or underwriting of insurance business at, Lloyd's and any other matter referred to in this Undertaking shall be governed by and construed in accordance with *the laws of England*.

> Each party hereto irrevocably agrees that *the courts of England* shall have exclusive jurisdiction to settle any dispute and/or controversy of whatsoever nature arising out of or relating to the Member's membership of, and/or underwriting of insurance business at, Lloyd's and that accordingly any suit, action or proceeding . . . arising out of or relating to such matters shall be brought in such courts . . . .

*Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1288 (11th Cir. 1998) (emphasis

---

[13] Doc. no. 20 (Response to Motion to Dismiss), at 3-5.

supplied).  The Second, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits held the clauses to be valid and enforceable.  *See id.*; *Roby v. Corporation of Lloyd's*, 996 F.2d 1353 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993); *Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996); *Haynsworth v. The Corporation, a/k/a Lloyd's of London*, 121 F.3d 956 (5th Cir. 1997); *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995); *Bonny v. Society of Lloyd's*, 3 F.3d 156 (7th Cir. 1993), *cert. denied*, 510 U.S. 1113 (1994); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir.), *cert. denied*, 506 U.S. 1021 (1992).

This court can discern no meaningful distinction between the forum selection clauses that were upheld in the eight Lloyd's cases, and the forum selection clauses that plaintiffs have challenged in this case.[14]  Accordingly, like the circuit courts in the Lloyd's cases, this court holds that plaintiffs "must honor their bargains and attempt to vindicate their claims in the English courts under English law."  *Lipcon*, 148 F.3d at 1299 (internal citations omitted).[15]

### III. CONCLUSION

This court will GRANT the motion to dismiss the claims against DHL Iraq for

---

[14] Doc. no. 18-2 (Terms of Sub-Contracting), at 9 (brackets omitted).

[15] Accordingly, this court will not discuss DHL Iraq's remaining arguments for dismissal, including lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, improper service of process, *forum non conveniens*, and failure to state a claim upon which relief can be granted.  *See* doc. no. 17 (Motion to Dismiss), at 1, 3.

improper venue.  An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 11th day of March, 2013.

United States District Judge